

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00376-CV

Eduardo **BENAVIDES**,
Appellant

v.

Julia **BENNETT,**
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2015-CI-04550
Honorable Stephani A. Walsh, Judge Presiding

PER CURIAM

Sitting:      Marialyn Barnard, Justice
             Rebeca C. Martinez, Justice
             Patricia O. Alvarez, Justice

Delivered and Filed:  October 28, 2015

DISMISSED FOR WANT OF JURISDICTION

      Appellant, who is pro se, appeals a trial court's order of severance signed March 6, 2015.[1]

Appellant did not timely file a motion that would have extended the appellate timetable.[2] *See* TEX.

---

[1] There is another appeal pending in this court involving appellant and appellee. That appeal was assigned appellate number 04-15-00288-CV. A review of the clerk's record in that case shows appellant is appealing the trial court's order dated February 5, 2015, which granted, in part, appellee's no evidence motion for summary judgment. The trial court subsequently granted appellee's motion to dismiss appellant's claims. Thereafter, appellee filed a motion to sever appellant's claims against her from appellant's claims against another remaining defendant in the matter. The trial court granted appellee's motion to sever, and appellant filed a second notice of appeal, challenging the order granting that severance. It is this second appeal, appellate number 04-15-00376-CV, which is the subject of this order.

[2] Based on the clerk's records in both appellate number 04-15-00288-CV and appellate number 04-15-00376-CV, appellant filed a motion for new trial. However, that motion was prepared and served prior to the date the trial court's

R. CIV. P. 329b(g); TEX. R. APP. P. 26.1(a). Thus, either the notice of appeal was due April 6, 2015 — the thirtieth day, April 5, 2015, was a Sunday — or a motion for extension of time to file the notice of appeal was due fifteen days later on April 21, 2015. *See* TEX. R. APP. P. 26.1, 26.3. Appellant did not file a timely notice of appeal. Appellant filed an untimely notice of appeal on June 22, 2015, and thereafter, filed an untimely motion for extension of time to file the notice of appeal in this court on June 24, 2015.[3] Because appellant's motion to extend time to file the notice of appeal was untimely, we denied the motion on August 31, 2015. *See Verburgt v. Dorner*, 959 S.W.2d 615, 615 (1997) ("Once the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction.").

On August 31, 2015, we also ordered appellant to file, on or before, September 30, 2015, a response showing cause why this appeal should not be dismissed for want of jurisdiction. We advised appellant that if he failed to satisfactorily respond within the time provided, the appeal would be dismissed. *See* TEX. R. APP. P. 42.3(a), (c). Appellant did not timely file a response.

Because appellant's notice of appeal was untimely and the period for granting appellant an extension of time to file his notice passed before he ultimately filed his notice of appeal in June 2015, appellant cannot invoke our jurisdiction. Accordingly, we dismiss the appeal for want of jurisdiction.

PER CURIAM

---

order of severance was signed, and based on our review of the motion, it is directed only to the trial court's February 5, 2015 order, not the March 6, 2015 order granting the severance.

[3] In his untimely motion to extend time to file his notice of appeal, appellant noted that he filed a motion in the trial court asking the trial court to extend the time for appellant to file post judgment motions. In the motion to the trial court, appellant claimed he did not receive timely notice of the trial court's judgment. Appellee filed a response contesting appellant's claim. There is nothing in the record to establish the trial court ruled on appellant's motion or reset the deadlines pursuant to Rule 306a(4) of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 306a(4).